IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,552-02






EX PARTE RAYMOND LEE REESE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 34,609-B-H-1 IN THE 124TH DISTRICT COURT


FROM GREGG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and
failure to appear and sentenced to five (5) years' imprisonment. 

 Applicant contends that his plea was involuntary because counsel advised him that he would
have a chance to appeal his conviction and resulting sentence if he pleaded guilty. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 On April 9, 2008, this Court remanded this application to the trial court so that the record
could be supplemented with an affidavit from counsel and a transcription of the court reporter's
notes from the plea hearing. On May 29, 2008, the trial court held a habeas hearing concerning the
merits of Applicant's claim. On June 17, 2008, the trial court entered findings of fact and
conclusions of law recommending that relief be denied. The trial court obtained ample evidence
on remand. However, we believe that there are still ambiguities in the record which need to be
resolved. In these circumstances, additional facts are needed. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) in that it shall supplement the record with copies of the plea
papers in this cause, including the trial judge's written admonishment, the stipulation of evidence,
the written waivers, and Applicant's judicial confession. The trial judge shall also supplement the
record with copies of any exhibits admitted at the plea hearing and the habeas hearing. The trial
judge shall also supplement the record with copies of all documents filed by the parties in this habeas
proceeding including copies of any briefs filed. The trial court may rely on its personal recollection
in resolving these fact issues. Id.

 The trial judge shall make findings of fact as to whether Applicant was testifying truthfully
at the plea hearing and at the habeas hearing. The trial judge shall make findings of facts as to
whether Applicant understood the prosecutor's question when the prosecution asked Applicant about
his waiver of appellate rights during the habeas hearing. The trial judge shall make findings of fact
as to whether Applicant understood the practical consequences of waiving of his right to appeal in
this cause at the time he waived said right. The trial court shall make findings of fact as to whether
the court's records contain copies of the plea papers in this cause, including the trial judge's written
admonishment, the stipulation of evidence, the written waivers, and Applicant's judicial confession. 
The trial court shall make findings of fact as to whether the court's records contain copies of exhibits
filed at the plea hearing and the habeas hearing. The trial court shall make findings of fact as to
whether the court's records contain copies of briefs filed by the parties in this habeas proceeding. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 4, 2009

Do not publish